**Hillel BODEK, Plaintiff-Appellant,**

v.

**The DEPARTMENT OF the TREASURY, BUREAU OF the PUBLIC DEBT, Defendant-Appellee.**

**No. 539, Docket 75–7590.**

United States Court of Appeals, Second Circuit.

Argued Jan. 22, 1975.

Decided March 11, 1976.

---

Hillel Bodek pro se.

Constance M. Vecellio, Asst. U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., of counsel), for appellee.

Before MOORE, OAKES and MESKILL, Circuit Judges.

PER CURIAM:

Appellant challenges the district court's dismissal of his complaint on the grounds that the district judge erroneously concluded that certain United States Savings Bonds, which were registered to him but were not in his physical possession, had not been "stolen" from him within the meaning of 31 U.S.C. § 738a [1] and 31 CFR § 315.25.[2] We affirm the lower court's decision for the reasons which follow.

FACTUAL SETTING

The facts are substantially undisputed [3] and may be briefly summarized. Between April and July of 1966, twelve United States Series "E" Savings Bonds (the Bonds) were issued, each of which bore a face amount of $25.00. Nine of the Bonds were issued to appellant individually; the remaining three were issued to appellant and his mother as co-owners. The Bonds were gifts to appellant on the occasion of appellant's thirteenth birthday and accompanying Bar Mitzvah (April 21, 1966). Appellant's parents, both of the Jewish faith,

---

1. 31 U.S.C. § 738a, as amended May 27, 1971, reads in pertinent part:

   § 738a. Relief to owners of securities on account of loss, theft, destruction, mutilation or defacement—Authorization of Secretary of Treasury; regulations

   (a) Under such regulations as he may deem necessary for the administration of this section, the Secretary of the Treasury is authorized to grant relief on account of the loss, theft, destruction, mutilation, or defacement of any security identified by number and description.

   Unless otherwise noted, all references to § 738a are to the amended version presently in effect.

2. 31 CFR § 315.25, under Subpart F entitled "Relief for Loss, Theft, Destruction, Mutilation, Defacement, or Non-Receipt of Bonds", reads as follows:

   § 315.25 After receipt by owner or his representative.

   Relief, either by the issue of a substitute bond or by payment, is authorized for the loss, theft, destruction, mutilation, or defacement of a bond after receipt by the owner or his representative. As a condition for granting relief, the Secretary of the Treasury may require a bond of indemnity, in such form and with such surety as may be deemed necessary to protect the interests of the United States of America. In all cases the bond must be identified and the applicant must submit satisfactory evidence of loss, theft, or destruction, or a satisfactory explanation of the mutilation, or defacement.

3. Since there is no genuine issue as to any material fact, the case was properly disposed of by summary judgment. F.R.C.P. 56(c).

his father being an Orthodox rabbi, retained physical custody of the Bonds from the time of their original receipt. In 1971 appellant converted to Catholicism. When in 1971 appellant asked that the Bonds· be given to him,[4] his parents refused to relinquish the Bonds, claiming that they—and not appellant—were the Bonds' rightful owners.

█ Appellant contacted the Department of the Treasury (Department) in 1974 [5] and requested that the Department issue duplicate bonds to him on the grounds that the originals had been stolen from him. The Department declined to do so because, in its view, the Bonds were being held by appellant's parents under a claim of right and hence could not be regarded as stolen for purposes of issuing duplicates.[6] Thereafter, appellant sought relief in the federal district court.[7] The district court initially dismissed only that portion of appellant's complaint relating to the three bonds held jointly by appellant and his mother for failure to state a claim on which relief could be granted.[8] Subsequently the court, after hearing oral argument on appellant's motion for summary judgment, ruled in favor of the

Department on the merits and, accordingly, dismissed the remainder of appellant's complaint.

## APPLICABLE LAW

█ Owners of United States securities, including savings bonds,[9] may obtain either duplicate bonds or payment if they can prove to the Secretary of the Treasury's satisfaction that the originals have been lost, stolen, defaced, or destroyed. 31 U.S.C. § 738a; 31 CFR § 315.25. The issuance of duplicate bonds by the Department eliminates forfeiture of the debt due to irreparable defacement or irretrievable loss. The statute deliberately restricts the circumstances under which duplicates will be issued to those in which the Department will not consequently be faced with valid claims for payment on both the original and duplicate bond. *See Wolak v. United States*, 366 F.Supp. 1106, 1112–3 (D.Conn. 1973). The more elaborate language of § 738a prior to its amendment in 1971 expressed this as a requirement that the bonds "not [be] held by any person as his own property"; [10] Congressional intent to incorporate this requirement under the current, streamlined version of § 738a is evi-

4. Exhibit F in support of plaintiff's Motion for Summary Judgment, District Court Record, Document 27.

5. Appellee's App. at 26–7.

6. *Ibid.* at 28.

7. Jurisdiction is conferred by the Tucker Act, 28 U.S.C. § 1346(a)(2), which provides for jurisdiction in the district courts in cases involving claims of less than $10,000 against the United States, founded upon any regulation of an executive department of the federal government or any express or implied contract with the United States. Treasury regulations are considered an implied part of the contract between the United States and a purchaser of its bonds. *See, Wolak v. United States*, 366 F.Supp. 1106, 1109–1110 (D.Conn.1973); *United States v. Chandler*, 410 U.S. 257, 260–262, 93 S.Ct. 880, 881–883, 35 L.Ed.2d 247, 250–252 (1973).

8. Mem. and Order dated June 4, 1975, n.8, Appellee's App. at 40. Appellant does not appeal this portion of the district court's order.

9. 31 U.S.C. § 738a(d).

10. Act of July 8, 1937, c. 444, § 8(a–d), 50 Stat. 481. Prior to its amendment, section 738a read in part:

(a) Whenever it is clearly proved to the satisfaction of the Secretary of the Treasury—

(1) That any interest-bearing security of the United States, identified by number and description, payable to bearer or so assigned as to become, in effect, payable to bearer, has been wholly or partly destroyed, or so mutilated or defaced as to impair its value to the owner, or has been lost or stolen under such circumstances, and such a period of time having elapsed after it has matured or has become redeemable pursuant to a call for redemption, as in the judgment of the Secretary would indicate that it has been destroyed or irretrievably lost, is not held by any person as his own property and will never become the basis of a valid claim against the United States; or

(2) That any interest-bearing security of the United States, identified by number and description, which is not payable to bearer and which has not been so assigned as to become, in effect, payable to bearer, has been lost or stolen, so that it is not held by any

dent from the legislative history of the 1971 amendment. *See* 1971 *U.S.Code Cong. and Admin.News* at 1065–6.

Appellant readily concedes that the bonds in question are being held by his parents under a claim of right and as their own property, and that it is not the whereabouts or condition of the Bonds which is of concern to him but rather his parents' conflicting claim to them.[11] Any dispute between appellant and his parents over the ownership of the Bonds is a matter to be settled among themselves, either privately or in the appropriate state court.[12] Until the question of ownership is settled, the Department would obviously be subject to conflicting claims, a possibility which would become a likelihood were the Department to issue duplicate bonds to appellant while his parents are holding the original bonds under a claim of rightful ownership.

The provision in § 738a for replacement of lost, stolen, or damaged bonds insures owners against loss in those circumstances in which the owner is obviously helpless to remedy the situation. It does not constitute an invitation to litigate ownership disputes in the federal courts.[13] Appellant's quarrel with his parents is a dispute as to the ownership of the bonds and does not fall within the category of "loss, theft, destruction, mutilation, or defacement" covered under § 738a; accordingly, appellant cannot compel the Department to issue duplicate bonds to him.

The judgment of the district court dismissing appellant's complaint is affirmed.

person as his own property, or has been wholly or partly destroyed, or so mutilated or defaced as to impair its value to the owner; the Secretary . . . shall . . . issue a substitute marked "duplicate" . . . or . . . make payment thereof to the owner.

11. Appellant's br. at 2.

12. Appellant concedes the availability of this remedy, and in fact alleges that the purpose of

his federal suit was to eschew state court proceedings. Appellee's App. at 8.

13. On the contrary, since § 738a and the regulation promulgated thereunder speak only of relief to "owners" of United States securities or bonds, ownership status—the issue disputed here—is a prerequisite to the application of those provisions.